04 CV · 1748

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE KOELTL

| | |
|---|---|
| ANGELO, GORDON & CO., L.P., | |
| | Plaintiff, |
| v. | |
| AMERUS CAPITAL MANAGEMENT GROUP, INC., | |
| | Defendant. |

Civ. No.   04 CV 1748

"ECF Case"

NOTICE OF REMOVAL

RECEIVED
MAR 03 2004
U.S.D.C. S.D. N.Y.
CASHIERS

PLEASE TAKE NOTICE that the defendant AmerUs Capital Management

Group, Inc. ("AmerUs"), by its attorneys, Lowenstein Sandler PC, has this date removed, by

filing this Notice of Removal, the above-entitled action to the United States District Court

for the Southern District of New York and set forth in support of its notice the following:

      1.     On January 30, 2004, plaintiff Angelo, Gordon & Co., L.P. ("Angelo

Gordon") commenced a civil action in the Supreme Court of the State of New York, County

of New York, Index No. 04-600256, by filing a summons and complaint and jury demand

(the "Complaint"), a copy of which is attached hereto as Exhibit A.

      2.     On February 2, 2004, defendant AmerUs received, by way of its then

attorneys in this matter, Sachnoff & Weaver, a copy of the Complaint.

      3.     The amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs.

      4.     The Complaint alleges that plaintiff Angelo Gordon is a Delaware

limited partnership with its offices in New York City. Further, it alleges that AmerUs is an

Iowa corporation with its principal place of business in Iowa.  Thus, pursuant to 28 U.S.C. § 1332(a)(1), this action is between citizens of different States.

      5.     This action is therefore within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1).

      6.     Pursuant to  28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after receipt of the Complaint by defendant AmerUs.

      7.     This action was removable at the time that the Complaint was filed and is removable on the date that this Notice of Removal is filed.

      8.     Promptly after the filing of this Notice of Removal, defendant AmerUs will provide written notice to all adverse parties and copies of the pleadings served in connection herewith.

      9.     A copy of this notice will be filed with the Clerk for the Supreme Court of the State of New York, County of New York, thus effecting removal under 28 U.S.C. § 1446(d).

      WHEREFORE, because it has been properly removed, defendant AmerUs requests that this action proceed in this Court.

Dated:   New York, New York
         March 3, 2004

LOWENSTEIN SANDLER PC

By: _John M. Hull_____
Steven M. Hecht (SH-0414)
Thomas E. Redburn, Jr. (TR-3902)
William M. Uptegrove (WU-2051)
1330 Avenue of the Americas, 21st Floor
New York, New York 10019
212.262.6700
-and-
65 Livingston Ave.
Roseland, NJ 07068
973.597.2500

*Attorneys for Defendant*
        *AmerUs Capital Management Group, Inc.*

# Exhibit A

NEW YORK
COUNTY CLERK'S OFFICE

JAN 3 0 2004

.OT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -N

ANGELO, GORDON & CO., L.P.,

                          Plaintiff,

             - against -

AMERUS CAPITAL MANAGEMENT GROUP, INC.,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Index No.  04-600256

COMPLAINT

Plaintiff Angelo, Gordon & Co., L.P. ("Angelo Gordon"), by its undersigned attorneys, for its Complaint against AmerUs Capital Management Group, Inc. ("AmerUs"), alleges, upon knowledge as to its own status and conduct, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     This is an action to recover in excess of $1 million in damages sustained as a result of defendant AmerUs's egregious breach of an agreement to sell certain promissory notes in a bad faith effort to reclaim for itself the benefit of a rising market for such notes that arose after AmerUs's trade was complete.

2.     On November 19, 2003, AmerUs agreed to sell to Deutsche Bank $10 million worth of "distressed" debt securities issued by Hagemeyer Ireland Plc ("Hagemeyer Notes"). The agreement on the essential terms of that trade was complete when the traders orally agreed upon price and quantity, and they agreed to document the trade with customary distressed debt documentation.

3.    On the same date, Deutsche Bank agreed to sell the Hagemeyer Notes to plaintiff Angelo Gordon subject to its consummation of the trade with AmerUs, and agreed to assign its rights to Angelo Gordon if that trade failed to close.

4.    After AmerUs and Deutsche Bank entered into the trade, AmerUs balked at the standard documentation for distressed debt trades, and proposed to remove or limit customary representations, warranties and indemnifications. Despite that, Deutsche Bank was actively working with AmerUs to resolve differences over the trade documentation and close the trade.

5.    On December 9, 2003, the Hagemeyer entities announced a $1.8 billion refinancing deal which triggered a substantial increase in the value of the Hagemeyer Notes. That same day, AmerUs unilaterally purported to impose an arbitrary 48-hour deadline for completing documentation of the trade. Deutsche Bank advised AmerUs that it would respond as quickly as possible to open documentation points, but that delays in the settlement process had nothing to do with the validity of the trade.

6.    Two days later, in direct contravention of its obligation to act in good faith to close the trade with Deutsche Bank and its standstill obligation, AmerUs turned around and sold the Hagemeyer Notes to another counterparty at a price nearly $1 million greater than the price it had negotiated with Deutsche Bank. Angelo Gordon now brings this action as Deutsche Bank's assignee to recover the damages arising out of AmerUs's breach.

2

## THE PARTIES

7. Plaintiff Angelo Gordon, an investment management firm, is a Delaware limited partnership with its offices in New York City. Angelo Gordon is the assignee of all right, title and interest of Deutsche Bank AG ("Deutsche Bank") in, to, and under all claims, suits, causes of action and any other right of Deutsche Bank against defendant AmerUs with respect to the claims set forth herein.

8. Defendant AmerUs is an Iowa corporation with its principal place of business in Iowa. AmerUs is a wholly-owned subsidiary of AmerUs Group Co., a publicly held company listed on the New York Stock Exchange. AmerUs manages the assets of certain entities affiliated with AmerUs Group Co. and non-affiliated entities.

## JURISDICTION

9. This Court has jurisdiction over AmerUs pursuant to CPLR §§301 and/or 302 because AmerUs does business in New York and/or because AmerUs's negotiation of and entry into the transaction out of which this action arises constitutes the transaction of business in New York. AmerUs had, and continues to have, a business and/or contractual relationship with Deutsche Bank and/or its New York affiliate, Deutsche Bank Securities Inc.; AmerUs maintains one or more bank or brokerage accounts in the State of New York; AmerUs has conducted numerous transactions with counterparties in the State of New York, including the transaction that is the subject of the claim set forth herein, and AmerUs has sent funds and/or securities into the State of New York in connection with such transactions.

3

## BACKGROUND

### AmerUs Agrees to Sell the Hagemeyer Notes to Deutsche Bank at 80.125% of Par

10.   On or before November 19, 2003, AmerUs communicated by telephone, facsimile and/or electronic messaging with a Deutsche Bank trader located in New York about the potential sale by AmerUs in the secondary market of certain 7.76% Guaranteed Series B Senior Notes due 10/28/2012 issued by Hagemeyer Ireland Plc.

11.   As the result of these communications, on November 19, 2003, AmerUs agreed to sell to Deutsche Bank $10 million principal amount of Hagemeyer Notes at a purchase price of 80.125% per dollar of par value. In accordance with custom and practice, the agreement between AmerUs and Deutsche Bank was complete when the traders orally agreed upon the trade.

12.   As reflected by the price and recognized by the parties, the trade of the Hagemeyer Notes was a sale of "distressed debt." It had been widely publicized before November 19, 2003 that Hagemeyer Ireland plc, the issuer of the Hagemeyer Notes, along with its affiliated companies, had entered into a standstill agreement with its lenders, and had been attempting to restructure its business.

13.   The written exchanges between AmerUs and Deutsche Bank immediately following the trade confirmed that the parties would document the trade using standard Loan Syndication and Trading Association ("LSTA") or comparable distressed trade documentation. Such documentation, consistent with long-standing market convention, acknowledges that the parties to the trade are legally bound upon entry into an oral agreement by the buyer and the seller. Simply put, the parties are

4

legally bound at the time of the trade, and have an obligation to act in good faith to close the trade.

**AmerUs Rejects Standard Documentation**
**for Its Sale of the Hagemeyer Notes**

14.   After AmerUs and Deutsche Bank entered into the trade, AmerUs proposed terms for documenting the trade that deviated in many, if not most, respects from the standard terms for distressed debt trades. For example, AmerUs proposed to eliminate or limit representations, warranties, and indemnifications that are customary for such trades.

15.   AmerUs's rejection of market standard documentation caused delays in what would otherwise have been a routine settlement process. Nonetheless, Deutsche Bank actively worked with AmerUs in an effort to resolve differences and conclude the trade documentation.

**AmerUs Repudiates the Agreed Sale to Deutsche Bank, and**
**Sells the Hagemeyer Notes to Bank of America at 89.25% of Par**

16.   On December 9, 2003, the Hagemeyer entities announced a $1.8 billion refinancing deal. Upon that announcement, the market value of the Hagemeyer Notes substantially increased.

17.   That same day, AmerUs unilaterally purported to impose an arbitrary 48-hour deadline for completing documentation of the trade.

18.   AmerUs attempted to justify its conduct by invoking a purported "T+10" settlement date that Deutsche Bank had never agreed to. In the absence of agreement upon a settlement date, the parties have a reasonably practicable period of time

5

to settle the trade. AmerUs did not have the right to impose any such unilateral and retroactive settlement deadline upon Deutsche Bank.

19.     Deutsche Bank advised AmerUs that it would respond as quickly as possible to the documentation issues, and that delays in the settlement process did not affect the validity of the trade.

20.     Despite ongoing communication regarding the settlement process, on December 11, 2003, AmerUs sent a letter to Deutsche Bank stating that AmerUs would not sell the Hagemeyer Notes to Deutsche Bank because of unresolved issues with respect to "documentation and the settlement date."

21.     On December 12, 2003, in an effort to resolve the "issues" that AmerUs had alleged to be the sole obstacle to closing the previously agreed sale of Hagemeyer Notes, Deutsche Bank told AmerUs that it would accept AmerUs's proposed documentation. Although this should have eliminated the only obstacle to settlement that AmerUs had ever identified, AmerUs again refused to settle the trade.

22.     Unbeknownst to Deutsche Bank or Angelo Gordon at the time, it now appears that on December 11, 2003, the same date that AmerUs told Deutsche Bank that it would not close its trade, AmerUs sold the same $10 million of Hagemeyer Notes to Bank of America at the substantially higher purchase price of approximately 89.25% per dollar of par value.

23.     In other words, AmerUs exploited the pretext of unresolved "issues" in documenting its trade with Deutsche Bank in order to reap for itself the benefit of a rising market. It is this kind of opportunistic behavior – using an unsettled trade as an option in a rising or falling market – that the LSTA sought to address in its

6

admonition that parties are bound to trades upon their oral agreement on the trade date. It is long-standing market convention, as well as implicit in the obligation of good faith, that subsequent events, such as changes in price, do not relieve parties of their contractual obligations.

24.     To reinforce that point, the LSTA Standard Terms and Conditions for Distressed Trade Confirmations contain a "Standstill" provision stating that "With respect to the Purchase Amount of the Debt that is the subject of the Confirmation, until the Settlement Date Seller shall cease any discussions with other purchasers and shall decline all offers." In other words, once AmerUs had agreed to sell the Hagemeyer Notes to Deutsche Bank, it was not permitted to discuss with another counterparty a possible sale of the same securities that AmerUs had promised to sell to Deutsche Bank.

25.     AmerUs's conduct was an egregious violation of its agreement with Deutsche Bank, and of the obligation of good faith that is a cornerstone of the distressed debt market.

26.     AmerUs's breach has caused substantial losses. Even if Deutsche Bank could have immediately purchased at the time of breach another $10 million of Hagemeyer Notes at the then-prevailing price, the damages caused by AmerUs's breach would have been, at a minimum, the difference between the price that Deutsche Bank agreed to pay to AmerUs, and the price that AmerUs received from Bank of America – approximately $912,500. In fact, no such substitute purchase could have been effected, and, because the market price of the Hagemeyer Notes continued to increase, the actual damages are greater.

7

## FIRST CAUSE OF ACTION

27.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 26 as if fully set forth herein.

28.   AmerUs's agreement on November 19, 2003 to sell to Deutsche Bank $10 million principal amount of Hagemeyer Notes at a purchase price of $0.125% per dollar of par value constitutes a binding and enforceable contract, and gave rise to an obligation to act in good faith to settle and close that trade.

29.   AmerUs has materially breached its contract and its obligations to act in good faith by, among other things, failing and refusing to settle and close the sale of the Hagemeyer Notes to Deutsche Bank, and by selling the Hagemeyer Notes to a different counterparty.

30.   As a result of AmerUs's breaches, Deutsche Bank suffered damages in an amount to be determined at trial believed to be not less than $912.500. As Deutsche Bank's assignee, Angelo Gordon is entitled to recover such damages, plus interest from the date of breach.

WHEREFORE, Angelo Gordon prays for judgment as follows:

a.   Awarding Angelo Gordon damages in an amount to be determined at trial but not less than $912,500, plus applicable interest;

b.   Awarding Angelo Gordon the costs and disbursements of this action, including reasonable attorneys' fees; and

d.   Awarding Angelo Gordon such other and further relief as the Court deems just and proper.

8

d.   Awarding Angelo Gordon such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 30, 2004

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP

_____
Andrew W. Goldwater
Anne E. Beaumont
1633 Broadway
New York, NY 10019-6708
(212) 833-1100
*Attorneys for Plaintiff Angelo, Gordon &
Co., L.P.*

9

04 CV 1748

JUDGE KOELTL

JS 44C/SDNY
REV. 1/97
WEB 4/99

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFF  ANGELO, GORDON & CO., L.P.

DEFENDANTS  AMERUS MANAGEMENT GROUP, INC.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Friedman Kaplan Seiler & Adelman LLP
1633 Broadway, 46th Floor
New York, New York 10019 (Tel.) (212) 833-1100

ATTORNEYS (IF KNOWN)

Lowenstein Sandler PC
1330 Avenue of the Americas
New York, New York 10019 (Tel.) (212) 262-6700

RECEIVED
MAR 03 2004
U.S.D.C. S.D.N.Y.
CASHIERS

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Notice of Removal pursuant to 28 U.S.C. §1441 et seq.

Has this or a similar case been previously filed in SDNY at any time? No? ☒ Yes? ☐  Judge Previously Assigned

If yes, was this case Vol. ☐  Invol. ☐  Dismissed. No ☐ Yes ☐  If yes, give date

(PLACE AN [X] IN ONE BOX ONLY)  NATURE OF SUIT

**CONTRACT**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 151 MEDICARE ACT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- ☐ 160 STOCKHOLDERS SUITS
- ☒ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY

**TORTS**
PERSONAL INJURY
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- ☐ 362 PERSONAL INJURY - MED MALPRACTICE
- ☐ 365 PERSONAL INJURY PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY

PERSONAL PROPERTY
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- ☐ 610 AGRICULTURE
- ☐ 620 FOOD & DRUG
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 630 LIQUOR LAWS
- ☐ 640 RR & TRUCK
- ☐ 650 AIRLINE REGS
- ☐ 660 OCCUPATIONAL SAFETY/HEALTH
- ☐ 690 OTHER

**LABOR**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT RELATIONS
- ☐ 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- ☐ 740 RAILWAY LABOR ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL RET INC. SECURITY ACT

**BANKRUPTCY**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 COPYRIGHTS
- ☐ 830 PATENT
- ☐ 840 TRADEMARK

**SOCIAL SECURITY**
- ☐ 861 HIA (1395FF)
- ☐ 862 BLACKLUNG (923)
- ☐ 863 DIWC (405g)
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405g)

**FEDERAL TAX SUITS**
- ☐ 870 TAXES
- ☐ 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 410 ANTITRUST
- ☐ 430 BANKS & BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- ☐ 810 SELECTIVE SERVICE
- ☐ 850 SECURITIES/ COMMODITIES EXCHANGE
- ☐ 875 CUSTOMER CHALLENGE 12 USC 3410
- ☐ 891 AGRICULTURE ACTS
- ☐ 892 ECONOMIC STABILIZATION ACT
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 894 ENERGY ALLOCATION ACT
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES
- ☐ 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**
CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING ACCOMMODATIONS
- ☐ 444 WELFARE
- ☐ 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- ☐ 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- ☐ 530 HABEAS CORPUS
- ☐ 535 DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS
- ☐ 555 PRISON CONDITION

**Check if demanded in complaint:**
CHECK IF THIS IS CLASS ACTION UNDER F.R.C.P. 23
DEMAND _____ OTHER
*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:
JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

ORIGIN

(PLACE AN x IN ONE BOX ONLY)

15221/5
03/02/2004 1519170.01

| □ 1 Original Proceeding | ☒ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from (Specify District) | □ 6 Multidistrict Litigation | □ 7 Appeal of District Judge from Magistrate Judge Judgment |

*(PLACE AN x IN ONE BOX ONLY)*

| BASIS OF JURISDICTION | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |

□ 1 U.S. PLAINTIFF    □ 2 U.S. DEFENDANT    □ 3 FEDERAL QUESTION (U.S. NOT A PARTY)

☒ 4 DIVERSITY

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [x] in one box for plaintiff and one box for defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | □ 1 | □ 1 | CITIZEN OR SUBJECT TO FOREIGN COUNTRY | □ 3 | □ 3 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | □ 5 | ☒ 5 |
| CITIZEN OF ANOTHER STATE | □ 2 | □ 2 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE | ☒ | □ 4 | FOREIGN NATION | □ 6 | □ 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

Angelo, Gordon & Co., L.P.
245 Park Avenue
New York, New York 10167.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

AmerUs Management Group, Inc.
699 Walnut Street, Suite 300
Des Moines, IA  50309

DEFENDANT(S) ADDRESS UNKNOWN
 REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:          THIS ACTION SHOULD BE ASSIGNED TO:          □ WHITE PLAINS          ☒ FOLEY SQUARE
                    (DO NOT check either box if this a PRISONER PETITION.)

*3/2/04  [signature]*
DATE          SIGNATURE OF ATTORNEY OF RECORD

3/3/04

RECEIPT#

ADMITTED TO PRACTICE IN THIS DISTRICT
□ NO
☒ YES (DATE ADMITTED Mo. 09 Yr. 1993)
Attorney Bar Code # SH 0414

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____    is so Designated.
J. Michael McMahon, Clerk of Court by _____    Deputy Clerk, DATED _____

UNITED STATE DISTRICT COURT (NEW YORK SOUTHERN)

-2-